MISCELLANEOUS

United States District Court
Southern District of Texas
FILED

JUN 0 4 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, RESPONDENT, | § § § | B-04-018 |
| VERSUS | § § § | DOCKET NO.: 1:02CR00263-001 |
| MIGUEL MAYA-SANCHEZ, PETITIONER. | § § | |

## MOTION TO VACATE OR REDUCE SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND MEMORANDUM IN SUPPORT

TO THE HONORABLE, HILDA G. TAGLE, UNITED STATES DISTRICT JUDGE:

Comes now, Miguel Maya-Sanchez, ("Petitioner"), through Pro-se representation and respectfully files this Motion to Vacate or Reduce Sentence pursuant to 28 U.S.C. § 2255 and Memorandum in Support. Petitioner states as follows:

# I. OVERVIEW

Petitioner received ineffective assistance of counsel as a result of Trial Counsel grossly deficient performance in the investigation of Petitioner's case, as well as his deficient performance in failing to object to Petitioner's 77 months of incarceration. Petitioner's Criminal History Category significantly over-represents the seriousness of his Criminal History. Petitioner was sentenced on Category VI, offense level 21 (77-96). Petitioner's trial counsel was ineffective for failing to do a basic, simple, procedural thing that criminal attorneys must do and Petitioner was greatly prejudiced as a result. Trial counsel continued providing ineffective assistance of counsel when he failed to inform Petitioner of important developments in the course of the prosecution. Trial counsel has a duty to bring to bear such skills and knowledge in order to assure Petitioner a fair trial. Let it be remembered that the right to counsel is the right to the effective assistance of counsel. Petitioner strongly believes that the issues cited as basis for this motion will assist his defense, hoping to acquire a sentence reduction.

## II. PROCEDURAL HISTORY

On May 7, 2002, Petitioner was indicted in the Southern District of Texas, Laredo, Division, for re-entry of Deported Alien in violation of 8 U.S.C. § 1326(A) and § 1326(B).

On June 18, 2002, Petitioner, pleaded guilty to the indictment before United States Magistrate, Judge Felix Recio.

Petitioner accompanied with counsel appeared before the Honorable, Hilda G. Tagle, United Sates District Judge, for sentencing and was sentenced to seventy-seven (77) months of incarceration followed by three (3) years of supervised release.

Petitioner filed a timely Notice of Appeal. On June 25, 2003, the United States Court of Appeals affirmed Petitioner Appeal. On September 17, 2003, Petitioner filed for Writ of Certiorari and was denied on May 11, 2004.

Petitioner has not previously filed another § 2255 motion and this motion is filed within the one year after conviction became final.

## III. REQUEST FOR EVIDENTIARY HEARING

Petitioner bears the burden of proof on his allegations of ineffective assistance of counsel. Determination of some of the issues will require testimony, both from Petitioner and trial counsel, in order to insure that none of trial counsel's failings were the result of sound trial strategy. Accordingly, Petitioner requests a formal evidentiary hearing.

## IV. STATEMENTS OF THE ISSUES

**Issue 1:** Whether trial counsel rendered ineffective assistance of counsel by failing to object to Petitioner's 77 month sentence.

## V. STANDARD OF REVIEW: INEFFECTIVE ASSISTANCE OF COUNSEL

Review is under the standard of *Strickland vs. Washington*, 466 U.S. 668 (1984). First, a Petitioner must demonstrate that his attorney's performance must be "outside the wide range of professionally competent." If he succeeds in satisfying the first hurdle, then a Petitioner must also demonstrate that the deficient

performance prejudiced the defense such that "there is a reasonable probability that, counsel's unprofessional errors the result of the proceeding would have been different." See also, *Bryant vs. Scott*, 28 F. 3d 1411 (5th Cir.1994).

A convicted defendant's claim that his counsel's assistance was ineffective was so defective as to require reversal of a conviction has two components, each of which the defendant must show in order to set aside the conviction: (1) that counsel's performance was deficient by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, whose result is reliable.

Issue 1:    Whether trial counsel rendered ineffective assistance of counsel by failing to object to Petitioner's 77 month sentence.

## VI. UNITED STATES SENTENCING COMMISSION

### § 4A1.3 Adequacy of Criminal History Category

5

There may be cases where the court concludes that a Defendant's criminal History Category significantly over-represents the seriousness of a defendant's Criminal History or the like-hood that the Defendant will commit further crimes. The court may conclude that the Defendant's Criminal History was significantly less serious than that of most defendants in the same Criminal History, and therefore consider a downward departure from the Guidelines.

Petitioner was sentenced on Category VI, offense level 21 simply because of his present single Illegal Re-entry offense. True, this is in violation of federal law, however, his offense charge over represents the seriousness of Petitioner's Criminal History. Petitioner expressed his concern regarding the seriousness of his past record, which includes minor theft offenses. These misdemeanor theft offenses were used to enhance Petitioner's Criminal History Record.

If there is only one plausible line of defense, the court conducted a "reasonably" substantial investigation into that line of defense, since there can be no strategic choice that renders such an investigation unnecessary. Please see *Rummel vs. Estelle*, 570 F.2d 103, 104 (CA 5 1979).

6

## CONCLUSION AND PRAYER

Petitioner urges this Honorable Court to re-sentence Petitioner to Criminal History Category VI, total offense level 21 (63-78) months and to be sentenced in the low end of the guidelines, which is 63 months.

Respectfully Submitted,

Dated on: 5-30-04

Miguel Maya-Sanchez
BOP# 12054-179
Airpark Unit
3700 Wright Avenue
Big Spring, Texas 79720

## CERTIFICATE OF SERVICE

I Miguel Maya-Sanchez, on May 31, 2004, filed a Motion to Vacate or Reduce Sentence pursuant to 28 U.S.C. § 2255 and Memorandum in Support to: Juan Barbosa, Deputy-in-Charge, 600 E. Harrison St., Room 1158, Brownsville, Texas 78520-7114.

CC:  Assistant U.S. Attorney