IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIGUEL MAYA-SANCHEZ, <br>    Defendant-Movant, | § § § | |
| v. | § § | |
| UNITED STATES OF AMERICA, <br>    Plaintiff-Respondent. <br> (CIVIL ACTION NO. B-04-CV-018) | § § § § | CRIMINAL NO. B-02-263 |

**UNITED STATES' ANSWER TO PETITIONER'S MOTION TO
VACATE OR REDUCE SENTENCE PURSUANT TO 28 U.S.C. § 2255,
AND UNITED STATES' MOTION TO DISMISS AND SUPPORTING BRIEF**

The United States of America, Plaintiff-Respondent, by the United States Attorney for the Southern District of Texas, answers Miguel Maya-Sanchez's Motion to Vacate or Reduce Sentence Pursuant to 28 U.S.C. § 2255, and moves to dismiss his § 2255 Motion with prejudice, and in support thereof states as follows:

1.  **Jurisdiction**.  This court has jurisdiction under 28 U.S.C. § 2255.

2.  **Procedural history**.  On May 7, 2002, Miguel Maya-Sanchez (Maya) was charged in a one-count indictment in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal Case No. B-02-263, with being found and unlawfully present in the United States after having been deported following an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a) & (b) (Doc. 1).  On June 18, 2002, Maya entered a plea of guilty to the indictment without the benefit of a plea agreement before United States Magistrate Judge Felix Recio (Doc. 7).  On September 24, 2002, the district court adopted the recommendation of the Magistrate Judge and found Maya guilty of the charge in the indictment (Doc. 19).

At the sentencing hearing on September 24, 2002, the district court sentenced Maya to 77 months' imprisonment, to be followed by a three-year term of supervised release, no fine, and imposed a $100 special assessment, which was abated on the government's motion (Doc. 20, 23, 25 at pp. 6-8). On September 25, 2002, Maya filed his notice of appeal (Doc. 21).

Subsequent to Maya's plea of guilty, the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated the base offense level to be 8 under USSG § 2L1.2(a), increased by 16 levels because Maya had previously been deported following a conviction for a drug trafficking offense for which the sentence exceeded thirteen (13) months under USSG § 2L1.2(b)(1)(A) (PSR, ¶¶ 10, 11). On December 18, 1997, Maya was convicted of Conspiracy to Deliver/Manufacture Cocaine and sentenced to four (4) to twenty (20) years' confinement in the Michigan Department of Corrections in Coldwater, Michigan under Docket No. 97-11-6466 (PSR, ¶¶ 11, 26). The PSR reduced the offense level of 24 by 3 levels for timely acceptance of responsibility under USSG § 3E1.1(a), (b) (PSR, ¶ 16). The resulting total offense level was 21 (PSR, ¶ 19).

The PSR assessed the following criminal history points on the basis of the following sentences for Maya's prior convictions: (1) 2 points for the 1995 sentence of sixty days' confinement for retail theft at Manatee County Court, Manatee, Florida in Docket No. 1994MM4916, to run concurrent to Docket No. 1994MM5679 (PSR, ¶ 22), USSG § 4A1.1(b); (2) 2 points for the 1994 sentence of sixty days' confinement for retail theft at Manatee County Court, Manatee, Florida in Docket No. 1994MM3428 to run consecutive to Docket No. 1994MM5679 (PSR, ¶ 21), USSG § 4A1.1(b); (3) 2 points for the 1994 sentence of 3 months probation (subsequently revoked and sentenced to sixty days' confinement) for retail theft at Manatee County Court, Manatee, Florida in

Docket No. 1994MM5679 (PSR, ¶ 23), USSG § 4A1.1(b); (4) 2 points for the 1995 sentence of sixty days' confinement for retail theft at Manatee County Court, Manatee, Florida in Docket No. 1994MM0524 to run concurrent to Docket No. 1994MM5679 (PSR, ¶ 24), USSG § 4A1.1(b); (5) 2 points for the 1997 sentence of 135 days' confinement for carrying a concealed firearm at Manatee County Court, Manatee, Florida in Docket No. 1997CF1491 (PSR, ¶ 25), USSG § 4A1.1(b); (6) 3 points for the 1997 sentence of 4 to 20 years' confinement for conspiracy to deliver/manufacture cocaine (less than 50 grams) (PSR, ¶ 26), USSG § 4A1.1(a); (7) 2 points because the instant offense was committed while Maya was on parole in Docket No. 97-11-6466 for the cocaine delivery conviction (PSR, ¶ 28), USSG § 4A1.1(d); and (8) 1 point because the instant offense was committed less than 2 years following Maya's release from custody in Docket No. 97-11-6466 for the cocaine delivery conviction (PSR, ¶ 29), USSG § 4A1.1(e).  Maya's criminal history score thus was 16, and his criminal history category was VI (PSR, ¶ 30); USSG Ch.5, Pt.A, Sentencing Table.

A total offense level of 21 and a criminal history category of VI resulted in an imprisonment range of 77 to 96 months' imprisonment (PSR, ¶ 47). USSG Ch.5, Pt.A, Sentencing Table.

On July 29, 2002 and again on August 19, 2002, Maya's counsel AFPD Timoteo Gomez filed a statement of no objections to the PSR (Doc. 11, 15). On August 19, 2002, Maya's counsel Gomez filed a written motion for a downward departure on the basis of cultural assimilation (Doc. 15). Defense counsel also verbally moved for a downward departure at the sentencing hearing on the basis that Maya's criminal history category was overstated (Doc. 25, pp. 3-4).

At the sentencing hearing on September 24, 2002, the district court accepted the Magistrate Judge's recommendation and adjudged Maya guilty of illegal re-entry (Doc. 20, 25).  The court denied Maya's motion for a downward departure (Doc. 20, 25).  The court adopted the PSR and then

sentenced Maya to 77 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, no fine, and imposed a $100 special assessment which was abated on the government's motion (Doc. 20, 25). The court entered its judgment on October 8, 2002 (Doc. 23).

On September 25, 2002, Maya timely filed his Notice of Appeal to the Fifth Circuit Court of Appeals appealing his sentence (Doc. 21). Maya's appointed counsel Assistant Federal Public Defender Timothy Crooks filed an appellant's brief challenging the constitutionality of the "felony" and "aggravated felony" provisions of the illegal re-entry statute found at 8 U.S.C. §§ 1326(b)(1) and (b)(2). On June 25, 2003, the Fifth Circuit affirmed the judgment of conviction and sentence in an unpublished opinion. *United States v. Maya-Sanchez*, 73 Fed. Appx. 82, __ F.3d __, 2003 WL 21756426 (5th Cir. June 25, 2003) (Table) (No. 02-41393), *cert. denied*, 540 U.S. 999, 124 S.Ct. 507 (2003) (Doc. 30, 31). The Fifth Circuit issued its mandate on July 17, 2003 (Doc. 30). The United States Supreme court denied Maya's petition for a writ of certiorari on November 3, 2003 (Doc. 32). The instant motion to vacate sentence under 28 U.S.C. § 2255 was timely filed on June 4, 2004 (Doc. 33), which was within the one-year statute of limitations period for filing a § 2255 motion. The United States was ordered to respond.

3.    **Statement of facts**. The statement of facts, as set forth in the PSR and introduced at the Rule 11 rearraignment hearing, is attached hereto as Appendix A.

4.    **Allegations**. In support of his motion to vacate, Maya claims his trial counsel rendered ineffective assistance by failing to object to his 77-month sentence. Maya's argument is meritless and his § 2255 motion should be dismissed with prejudice.

5.    **Transcripts.** The pleadings are on file with the court. The rearraignment (Doc. 27) and sentencing (Doc. 25) hearings have been transcribed as part of the appellate record and are part of

the file in the District Clerk's Office. On January 5, 2005, the undersigned Assistant United States Attorney invited Maya's counsel AFPD Timoteo Gomez to furnish a controverting affidavit, but he has declined the invitation.

6. **Answer and motion to dismiss.**

### Section 2255 Relief

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056 (1996). When constitutional issues are raised for the first time on collateral review, a movant must establish both "cause" for his procedural default and "actual prejudice" resulting from the error. *Id*. at 934. Absent unusual circumstances, ineffective assistance of counsel, if shown, is sufficient to overcome a procedural default. *Id*. (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995)).

### INEFFECTIVE ASSISTANCE OF COUNSEL

The issue of ineffective assistance of trial and appellate counsel are reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984). To succeed on such a claim, the defendant must first show that his counsel's performance fell below an objective standard of reasonableness. *Id*. at 688, 104 S.Ct. at 2065; *Prate v. Cain*, 142 F.3d 226, 230 (5th Cir. 1998). There is a strong presumption that counsel's performance falls within the wide range of

reasonable professional assistance; and, "'[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness'." *Id*. (quoting *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)).

Constitutionally effective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight. The determination of whether counsel has rendered reasonably effective assistance turns in each case on the totality of facts in the entire record. Thus each case must be judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defenses. *Baldwin v. Maggio*, 704 F.2d 1325, (5th Cir.), *cert. denied*, 467 U.S. 1220, 104 S.Ct. 2667 (1984).

Second, he must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test. This was rejected by the Supreme Court in *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838 (1993). Prejudice under *Fretwell* requires the petitioner to show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Fretwell*, 506 U.S. at 368, 113 S. Ct. at 842 (quoting also *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574 (1986) ("the essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect")). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 371, 113 S.Ct. at 844; *Earhart v. Johnson*, 132 F.3d 1062, 1067-68 (5th Cir. 1998); *Goodwin v. Johnson*, 132 F.3d 162, 176 (5th Cir. 1998). Not only must prejudiced be alleged, but it must be affirmatively proven.

6

*DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). If the defendant fails to establish prejudice, this court need not reach whether counsel's performance was deficient. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

Maya claims his trial counsel rendered ineffective assistance by failing to object to his 77-month sentence. Maya contends his criminal history score over-represented the seriousness of his prior offenses and that his trial counsel should have moved for a downward departure based on his criminal history. Maya argues that his criminal history score is over-represented because his prior convictions are mostly minor theft offenses. He has not shown either deficient performance or prejudice.

Maya's contention that his sentence was improperly calculated because his criminal history category over-represented his criminal category was not raised in his direct appeal and is therefore procedurally barred. *See United States v. Frady*, 456 U.S. 152, 162-63, 102 S.Ct. 584, 1591-92 (1982); *United States v. Abbott*, 975 F.Supp.703, 707 (E.D. Pa. 1997). Furthermore, Maya's attempt to avoid the bar by alleging his counsel was ineffective in failing to raise this argument at sentencing is without merit.

Defense counsel AFPD Timoteo Gomez filed a motion for a downward departure on the basis of cultural assimilation (Doc. 15). Maya seems to have forgotten that his counsel also verbally moved for a downward departure at the sentencing hearing on the basis that Maya's criminal history category was overstated (Doc. 25):

> There are a couple of other points that I think, Your Honor, argue for leniency in this case and that is that the – in this particular case the criminal history, which the numbers come out to a criminal history Category 6, with 13 criminal history points, eight of those, Your Honor, are for essentially shoplifting. They refer to them as retail theft. They're shoplifting offenses. It is an offense and it does call for

> consideration. However, I think, under the circumstances, a 77-month sentence is not called for in this case. He is also looking at revocation of parole in the one case that is causing the greatest problem for him here which is that cocaine delivery case in Michigan. And as I understand it, and it is set out in the PSI, the officials in Michigan will not take any action in that parole revocation until after he's sentenced here. So, he may well be looking at quite a lengthy sentence when they combine that with this particular case, Your Honor. I therefore ask the Court to consider at least the four-level reduction, which would get him to, I believe, close to a four or five years is basically what he's looking at if the Court were to grant the reduction. I believe 46 months would be at the end.

(Doc. 25, pp. 3-4). The district court considered the motion and denied it (Doc. 20, 25, p. 4). The court noted that shortly after Maya was released from state custody on a conviction for carrying a concealed firearm (PSR, ¶ 25), he was involved in selling cocaine to an undercover agent (Doc. 25, pp. 4; PSR, ¶ 26). The court was equally troubled by Maya's four misdemeanor convictions for retail theft and queried whether his fourth misdemeanor conviction could have been enhanced to a felony (Doc. 20, 25, p. 5-6).

At the outset, defense counsel's performance could not have been deficient because he moved the district court for a downward departure on exactly the same grounds that Maya now complains he should have done. In other words, Maya claims his counsel failed to object to his 77-month sentence on the basis that his criminal history category was over-represented, but that is exactly what his counsel actually did at the sentencing hearing in the form of a motion for a downward departure (Doc. 25, pp. 3-4). Considering Maya's extensive criminal history, the district court correctly concluded that his criminal history category was not over-represented. Instead of expressing his disappointment in his § 2255, Maya should be expressing his gratitude for the outstanding representation afforded to him by his counsel. Defense counsel AFPD Gomez's performance was exemplary in every respect because he made the motion that his counsel now mistakenly complains

8

he didn't make.

Maya argues he was entitled to a downward departure under USSG § 4A1.3, a policy statement, to reflect his overstated criminal history category. In relevant part, USSG § 4A1.3 provides that "[t]here may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant may commit further crimes ... and therefore consider a downward departure. § 4A1.3. As an example of a situation justifying a downward departure, § 4A1.3 sets forth "the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." *Id*.

The facts of the instant case do not justify a downward departure under § 4A1.3. Maya's prior crimes cannot be classified as analogous to "two minor misdemeanors" as that term is used in § 4A1.3 to illustrate the type of criminal history justifying a downward departure. Maya had a total of 16 criminal history points (PSR, ¶ 30), which was 3 points more than the minimal number of points required to be placed in the highest criminal history category VI. He had a string of four (4) prior convictions for retail theft. He purloined goods from department stores such as a pellet gun with a box of pellets, a silver necklace, a pair of sneakers, men's T-shirts, and two bottles of cologne (PSR, ¶¶ 21-24). In 1997, he was convicted of carrying a concealed firearm in Manatee County, Florida (PSR, ¶ 25). Maya fled from a Manatee County Sheriff's Deputy and pulled a silver handgun from his pants and threw it under a nearby house (PSR, ¶ 25). He also has a prior conviction for a major drug offense. On December 18, 1997, he pleaded guilty to conspiracy to deliver/manufacture cocaine (less than 50 grams) in the 15th Circuit Court at Coldwater, Michigan (PSR, ¶ 26). He was sentenced to a minimum of four (4) years up to a maximum of twenty (20) years' confinement.

Maya and his brother-in-law sold 524 grams of cocaine to undercover agents. The agents met with Maya and his brother-in-law at a Quality Inn in Coldwater, Michigan to consummate the deal (PSR, ¶ 26).

Maya has repeatedly disrespected the laws of this country. He was deported to Mexico on March 26, 2001, following his release from custody on the cocaine conspiracy offense (PSR, ¶ 26). One year later on April 15, 2002, he was arrested when he illegally re-entered the United States (PSR, ¶¶ 4, 5). Maya is *persona non gratis*. In view of Maya's flagrant disregard of this country's laws and his extensive criminal history, defense counsel's performance did not fall below the objective standard of reasonableness based on the record in this case. *United States v. Madison*, 990 F.2d 178, 184 (5th Cir. 1993).

Further, Maya cannot show prejudice because this court rejected his motion for a downward departure based on a claim that his criminal history category significantly over-represented the seriousness of his criminal history. Further, even assuming the district court would have struck 2 points from Maya's criminal history points (for over-representation of one of his four retail theft convictions), his criminal history category would have remained at VI. Likewise, even assuming the district court would have struck 3 points from Maya's criminal history points (for over-representation based on 2 points for committing the instant offense while on parole and 1 point for committing the instant offense less than two years after his previous release from custody [PSR, ¶¶ 28, 29]), his criminal history category would have remained at VI. Maya has not shown any prejudice. His claimed ineffective-assistance-of-counsel should be rejected.

7. **Evidentiary Hearing.** Under Rule 8(a) pursuant to 28 U.S.C. foll. § 2255, this Court shall make such disposition of the motion as justice dictates. The allegations raised by Maya may properly

be resolved on the basis of the record before this Court, which conclusively shows that no relief is appropriate. No evidentiary hearing is required. *United States v. Smith,* 915 F.2d 959, 964 (5th Cir.1990); *United States v. Santora,* 711 F.2d 41 (5th Cir. 1983).

8.   **Conclusion**.  The United States prays that Petitioner Miguel Maya-Sanchez's Motion to Vacate or Reduce Sentence Pursuant to 28 U.S.C. § 2255, be in all things denied and this action be dismissed with prejudice pursuant to Rule 8(a), Rules § 2255 proceedings.

    Respectfully submitted,

    MICHAEL T. SHELBY
    United States Attorney

/S/_____
    David H. Peck
    Assistant United States Attorney
    910 Travis, Suite 1500
    P. O. Box 61129
    Houston, Texas 77208-1129
    (713) 567-9369
    S.D. TX. ID No. 6295
    TX Bar Card No. 15701980

CERTIFICATE OF SERVICE

    I, David H. Peck, Assistant United States Attorney, certify that a copy of this answer to Petitioner Miguel Maya-Sanchez's Motion to Vacate or Reduce Sentence Pursuant to 28 U.S.C. § 2255, and supporting brief has been served by placing it in the United States mail, postage prepaid, on January 31, 2005, addressed to:

Miguel Maya-Sanchez, pro se
Registration No. 12054-179
Airport Unit
3700 Wright Avenue
Big Spring, TX 79720

                                                   /S/_____
                                                       David H. Peck
                                                       Assistant United States Attorney

**APPENDIX A**

STATEMENT OF FACTS FROM:

*UNITED STATES V. MIGUEL MAYA-SANCHEZ*
CRIM. NO. B-02-263

Maya was a citizen of Mexico (Doc. 27, p. 33; PSR, ¶ 37).  On December 18, 1997, he was convicted of the felony offense of conspiracy to deliver/manufacture cocaine (less than 50 grams) in the 15th Circuit Court at Coldwater, Michigan.  He was sentenced to 4 to 20 years' confinement.  On March 22, 2001, he was paroled.  He was deported from the United States to Mexico on March 26, 2001 (Doc. 27, p. 33; PSR, ¶¶ 4, 26).

On April 15, 2002, Maya was found in the United States at the Sam Perl Boulevard in Brownsville, Texas by agents with the United States Border Patrol.  He admitted to the agents that he was a citizen of Mexico without any proper identification documents to legally enter the United States (Doc. 27, p. 33; PSR, ¶ 3).  Maya did not have permission from the Attorney General to re-enter the United States following his deportation (Doc. 27, p. 33; PSR, ¶ 5).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIGUEL MAYA-SANCHEZ, | § | |
|    Defendant-Movant, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. B-02-263 |
|    Plaintiff-Respondent. | § | |
| (CIVIL ACTION NO. B-04-CV-018) | § | |

O R D E R

It is hereby ORDERED that the Petitioner Miguel Maya-Sanchez's Motion to Vacate or Reduce Sentence Pursuant to 28 U.S.C. § 2255, IS WITHOUT MERIT AND IS HEREBY DISMISSED WITH PREJUDICE pursuant to Rule 8(a), Rules of § 2255 Proceedings.

Signed at Brownsville, Texas on _____, 2005.

_____
HILDA G. TAGLE
United States District Judge