OPINION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIGUEL MAYA-SANCHEZ, § | | |
| Defendant / Movant, § | | |
| § | | |
| v. § | | MISC. NO. B-04-018 |
| § | | (CRIM. NO. B-02-263) |
| UNITED STATES OF AMERICA, § | | |
| Plaintiff / Respondent. § | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Movant Miguel Maya-Sanchez's Motion to Vacate or Reduce Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1). Included in the government's answer to Maya-Sanchez's motion is a motion to dismiss which will also herein be considered (Docket No. 8). For the reasons explained below, the government's motion to dismiss should be GRANTED and Movant's request for § 2255 habeas corpus relief should be DISMISSED with prejudice.

**BACKGROUND**

On May 7, 2002, Movant was charged with being found unlawfully present in the United States after having been deported following an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b). He pleaded guilty to this charge on June 18, 2002 without benefit of a plea agreement and on September 24, 2004, he was sentenced to 77 months imprisonment, to be followed by a three-year supervised release term. On September 25, 2004, Movant filed a notice of appeal with the Fifth Circuit Court of Appeals challenging his sentence. The appellate court affirmed the judgment of conviction and sentence in an unpublished opinion. *United States v. Maya-Sanchez*, No. 02-41393

1

(2003). The United States Supreme Court subsequently denied Movant's petition for a writ of certiorari. Movant timely filed his habeas corpus application on June 4, 2004. It is this motion that is now before the Court.

## ALLEGATIONS

Movant claims that he was denied effective assistance of counsel. Specifically, he claims that his attorney did not properly investigate his case and failed to seek a downward departure at the sentencing hearing on the basis that Movant's criminal history was overstated.

## DISCUSSION

### I.  Ineffective assistance of counsel standards

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477

U.S. 168, 184 (1986); *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." *Strickland*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2067. "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.*

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom*, 126 F.3d at 721; *Green*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). It is also unnecessary to consider whether counsel's performance was deficient where there is

an insufficient showing of prejudice. *See Black*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

In *Hill v. Lockhart*, the Supreme Court explained how the two-part[1] *Strickland* test for determining ineffective assistance of counsel should be applied in cases where a petitioner entered a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Under the interpretation of the *Strickland* test set out in *Hill*, a petitioner "must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead*, 37 F.3d at 206. In order to show attorney error, a petitioner must establish that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases". *Hill*, 474 U.S. at 58-59. To satisfy the "prejudice" prong, a petitioner must affirmatively prove that "there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *Armstead,* 37 F.3d at 206. Thus mere allegations of prejudice are not sufficient. *Armstead,* 37 F.3d at 206. Furthermore, the Court's determination of prejudice must take into account what the likely outcome of a trial would have been. *Armstead*, 37 F.3d at 206. In *Lockhart v. Fretwell*, the Supreme Court further refined the test by requiring courts to determine whether counsel's deficient performance, "caused the outcome to be unreliable or the proceeding to be fundamentally unfair," even in cases where a petitioner pleaded guilty. 506 U.S. 364, 372 (1993).

**II.　Failure to Investigate**

---

[1] (1) deficient performance and (2) actual prejudice. *Strickland*, 466 U.S. 668.

In Movant's first ground of error he claims that his attorney did not properly investigate his case. He fails, however, to explain how his attorney's investigation was deficient or what effect the alleged failure to investigate had on his conviction. In fact, Movant does not mention the failure to investigate issue again in his motion after he makes the initial unsupported allegation. As noted above mere allegations of prejudice are not sufficient to qualify a movant for habeas corpus relief. *Armstead*, 37 F.3d at 206. There is no evidence that Movant's attorney did anything which caused the outcome of his case to be unreliable or the proceeding to be fundamentally unfair. *Lockhart*, 506 U.S. at 372. Accordingly, Movant can prove no set of facts that would entitle him to relief on this claim and it should be dismissed. *Shipp v. McMahon,* 234 F.3d 907, 911 (5th Cir. 2000).

**III.   Downward Departure Issue**

Movant's second basis for relief, concerning his attorney's failure to request a downward departure at the sentencing hearing, though more extensively addressed, fares no better than his first. Movant's base offense level, as calculated in the pre-sentence report (PSR), was 8. This base offense level was increased by 16 because Movant had been previously deported after being convicted of a drug trafficking offense for which he had been sentenced to more than 13 months. Movant's offense level was thus calculated to be 24, but was reduced by three levels for timely acceptance of responsibility for a final offense level of 21. Criminal history points were also assessed based on four previous convictions for retail theft, a conviction for carrying a concealed weapon, a drug conviction, the fact that Movant committed the reentry offense while on parole, and because he committed the offense less than two years following his release from custody. Movant's final criminal history score

was 16 and his criminal history category was VI. The offense level and criminal history category resulted in a sentencing range of 77 to 96 months imprisonment.

Movant asserts that his counsel should have sought a downward departure at the sentencing hearing on the basis that his criminal history was overstated. He alleges that the retail theft convictions mentioned above were minor offenses that did not warrant as high an increase in his criminal history score as he received. The record reveals, however, that his attorney did indeed request a downward departure at the sentencing hearing based on the very grounds Movant faults him for ignoring (Crim. Docket No. 25 at 3-4). The sentencing judge considered the motion and denied it (Crim. Docket No. 25 at 4). Thus, Movant has shown neither deficient performance nor actual prejudice. *Strickland*, 466 U.S. 668. The record clearly shows that Movant's counsel requested a downward departure and as such Movant can prove no set of facts that would entitle him to relief on this claim. Movant's final claim should, therefore, be dismissed. *Shipp,* 234 F.3d at 911.

**IV.   Evidentiary Hearing**

In the instant case the record is clearly adequate to dispose fairly of the Movant's allegations. Thus an evidentiary hearing is unnecessary. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

### RECOMMENDATION

For the aforementioned reasons, this Court recommends that the government's Motion to Dismiss (Docket No. 8) be GRANTED and Movants 28 U.S.C. § 2255 motion (Docket No. 1) be SUMMARILY DISMISSED.

### NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 24th day of May 2005.

_____
Felix Recio
United States Magistrate Judge